GREEN, J.
delivered the opinion of the court.
This is an action of debt, or an endorsement of a promissory note. The following agreed case, was submitted for the judgment of the court. “C. C. Hardy, as one of the members of the firm of Hardy, Royster & Co., executed the note, described in the declaration, on the day it bears date, and, on the same day it was endorsed by the plaintiff for the accommodation of the defendant, and was then regularly discontinued by the Planter’s Bank of Tennessee. Whilst the note was held by the bank, and before the money was collected, although it was then due and payable — C. C. Hardy applied for the benefit of the bankrupt act of 1841,- and, having given the holder of the note regular notice', he was finally discharged-from his debts, as shown by his,certificate: after the discharge, the plaintiff here paid the money in the note to the holder, and now, sues, C. ,C. Hardy, to recover the debt.”
The court decided, that the certificate of discharge in bankruptcy was no bar to the action, and gave judgment against the defendant, from which judgment, this appeal in error is prosecuted.
The question is, whether the liability of Hardy to Carter, his endorser, is covered by the discharge in bankruptcy?
*158 By the third section of the bankrupt law, the entire property of the bankrupt, legal'and equitable, is vested in the assignee.
The fourth section provides, “that the certificate, shall, in all courts of justice be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt which are provable, under this act,” &c. In the fifth section, it is provided that “all creditors whose debts are not due and payable, until a future day, annuitants, holders of bottomy and respondentia bonds, holders of policies of insurance, sureties, endorsers, bail, or other persons having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove such debt or claims under this act and shall have a right, when their debts or-claims become absolute to have the same allowed them” &c.
We think these provisions of the law, are decisive of the question. By the fifth section, sureties and endorsers, may prove their debts, although the demand be uncertain or contingent. And, by the fourth section, the bankrupt is discharged from all debts, contracts, and other engagements which are proveable under the act. All demands that may be proved, are-of course, proveable: the discharge of the bankrupt is then co-extensive with the right of the creditor to prove —except as to fiduciary claims, which are excepted in the statute. See also, Chitt. on Con. 151-2, 43; E. C. Law Rep., 6, 25.
It is insisted that the subsequent provision of the fifth section, that “no creditor, or other person, coming in or proving his debt, or other claim, shall be allowed to maintain any suit at law or in equity, therefor,” shows, that the creditors last before mentioned, might prove or not at their election, and; that they are not barred, unless they do come in and prove.
We cannot concur in this construction — so to hold, would *159 render the law nugatory. It would be optionary with all creditors, whethey they prove or not — and, if they choose not to prove — the certificate of the bankrupt, would be no discharge.
We think, the court erred in rendering judgment against the defendants — and reverse the judgment.